IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| BRENT JASON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ADOBE, INC. and DOES 1-10,<br><br>　　　　　Defendants. | Case No.: 3:23-cv-01432-AN<br><br><br>OPINION AND ORDER |

Self-represented plaintiff Brent Jason brings this action against defendants Adobe, Inc. ("Adobe") and Does 1-10, alleging violations of the Americans with Disabilities Act ("ADA"), harmful workplace practices, fraud, intentional infliction of emotional distress, and negligent infliction of emotional distress. Adobe moves to dismiss the action. After reviewing the motion, the Court finds this matter appropriate for decision without oral argument. Local R. 7-1(d). For the reasons stated herein, the motion to dismiss is GRANTED in part and DENIED in part.

## LEGAL STANDARD

### A.    Federal Rule of Civil Procedure 12(b)(6)

To survive a Federal Rule of Civil Procedure ("FRCP") 12(b)(6) motion to dismiss for failure to state a claim, a complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); Fed R. Civ. P. 12(b)(6). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). The court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014) (citing *Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1003 (9th Cir. 2008)). Bare

assertions that amount to mere "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Iqbal*, 556 U.S. at 681 (internal citations and quotation marks omitted).

In ruling on an FRCP 12(b)(6) motion to dismiss, a court may consider only "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). A court may also consider "a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." *Id.* (citations omitted)

## B.    Federal Rule of Civil Procedure 8

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pleadings must be "simple, concise, and direct." *Id.* 8(d)(1). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Courts usually must construe pleadings by self-represented plaintiffs liberally and give them the benefit of any doubt. *Boquist v. Courtney*, 32 F.4th 764, 774 (9th Cir. 2022) (quoting *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)). Self-represented litigants who are also practicing attorneys, however, are not afforded the same liberal pleading standard. *Huffman v. Lindgren*, 81 F.4th 1016, 1020-21 (9th Cir. 2023). Before dismissing a complaint, a court must give a statement of the complaint's deficiencies and must give leave to amend the complaint unless it is "'absolutely clear'" that the deficiencies could not be cured by amendment. *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded by statute on other grounds as stated in Lopez v. Smith*, 160 F.3d 567, 570 (9th Cir. 1998), *rev'd and remanded on other grounds*, 203 F.3d 1122 (9th Cir. 2000)), *abrogated on other grounds as stated in Cuviello v. City & Cnty. of San Francisco*, 940 F. Supp. 2d 1071, 1090 (N.D. Cal. Apr. 15, 2013).

## BACKGROUND

Plaintiff is an attorney who alleges that he was mistreated while working for Adobe as corporate counsel, supporting the sales department. Am. Compl., ECF [17], at 2-7.

Plaintiff states that he was hired by Adobe after it acquired another company, Marketo, Inc., and that Adobe offered plaintiff "unlimited PTO" and "promises of work life balance[.]" *Id.* at 2. Plaintiff states, however, that Adobe signaled that legal team members could "never directly say 'No'" to business units and that "[t]he Adobe sales team continually would bombard Plaintiff with emails and instant messaging to preclude and interfere with Plaintiff's ability to complete his job duties[.]" *Id.* He alleges that his "workload was unrealistically high and essentially tripled under Adobe without adequate compensation and less team support than Marketo provided." *Id.* at 3.

Plaintiff alleges that after beginning work at Adobe, he began experiencing "rising health problems due to an overwhelming workload that could not be managed in an 8-hour work day, including symptoms that resembled a stroke and ulcer type conditions." *Id.* He expressed concerns about his work expectations and health issues to his managers but did not receive assistance. *Id.* In September 2020, plaintiff interrupted a meeting to raise the issue of "the impacts of the civil unrest occurring across the country on his overall health and wellbeing" and to state that he would be unable to continue living in Denver, Colorado as a result. *Id.*

Also around September of 2020, plaintiff informed Adobe's legal management and human resources department that he was diagnosed with an attention deficit disorder "along with a host of other ailments including stroke like symptoms[.]" *Id.* at 4. Plaintiff states that he was forced to take leave under the Family Medical and Leave Act ("FMLA") and was permitted to relocate to Portland, Oregon, under the condition that he return to work in an office in Denver, Lehi, or Salt Lake City "after the COVID lockdown had subsided." *Id.* He asserts that he was treated differently than other legal employees, who were permitted to work remotely prior to the pandemic and not required to work in an office or who worked on an "honor system" hybrid plan. *Id.*

When plaintiff returned from FMLA leave he was transferred from the small and medium business sector to the enterprise sector, while a coworker in a similar role was given "a promotion and headcount to support what would be his work load[.]" *Id.* Plaintiff states that he was promised that other employees would be trained to help his work in the enterprise sector, but that never happened. *Id.* at 5. He alleges that these changes were made "to manage him out of the company or have him quit in frustration[.]" *Id.* He complained again to his manager about "his workload, level of pay, and the harassing work environment." *Id.*

Plaintiff alleges that in response, he was assigned to work on an account that required him, due to time zone differences, to regularly send out documents at 2:00 a.m. local time and attend meetings at 7:00 or 8:00 a.m. local time, which were outside of his set working hours, and he was accused of not completing work on a deal. *Id.* at 5-6. He was also not permitted to use his vacation time in July 2020 or September 2021, and his ongoing stress caused him "migraine level headaches, severe stomach pains, pain in left arm, high blood pressure and hypertension, bouts of slurred speech . . . inability to sleep, exhaustion, years of severe depression, [and] PTSD[.]" *Id.* at 6-7. Plaintiff states that he has not been reimbursed $2,000.00 for work travel in January 2019. *Id.* at 7. Plaintiff was terminated shortly after attempting to take vacation time in September 2021. *Id.* at 6.

Plaintiff lists the following causes of action in his amended complaint: "Violation of ADA; Deceptive or Misleading Practices as to employees; Failure to Provide harassment free working environment; Fraud in representing to Plaintiff he had an unlimited vacation time plan but interfering with the ability to use it; Intentional Infliction of Emotional Distress; and Negligent Infliction of Emotional Distress." *Id.* at 7.

Plaintiff filed the complaint on September 29, 2023 and the amended complaint on April 9, 2024. Plaintiff never served a copy of the initial complaint on defendant. On January 5, 2024, over ninety days after the complaint was filed, the Court ordered plaintiff to show cause why this case should not be dismissed for failure to serve. Order to Show Cause of Jan. 5, 2024, ECF [6]. Plaintiff sought, and received, an extension of time to serve defendants, until February 23, 2024, arguing that he had mailed a

waiver of service of summons to defendant but had not received a response.  See Pl. Resp. to Order to Show Cause, ECF [8]; Order of Jan. 25, 2024, ECF [9].  Plaintiff failed to serve defendant by that deadline, and the Court again ordered plaintiff to show cause why the action should not be dismissed.  Second Order to Show Cause of Mar. 5, 2024, ECF [10].  Plaintiff then sought and received leave to file an amended complaint, with instructions that he must serve the amended complaint by April 9, 2024.  Order of Mar. 25, 2024, ECF [16].  Although defendant has now appeared, there is no proof of service showing that plaintiff ever served the amended complaint.  On May 15, 2024, defendant filed the motion to dismiss.  Def. Mot. to Dismiss ("Def. Mot."), ECF [19].

## DISCUSSION

Defendant argues that plaintiff's claims should be dismissed because they are barred by the applicable statutes of limitation and, in the alternative, because they are inadequately pleaded.  The Court addresses each argument in turn.

### A.    Statute of Limitations

#### 1.    *ADA Claims*

Defendant argues that plaintiff has failed to state an ADA claim because he does not allege that he filed a claim with the Equal Employment Opportunity Commission ("EEOC") or that he filed this action within ninety days of receiving a right to sue letter.  Mot. to Dismiss 5.

Title I of the ADA prohibits a "covered entity" from discriminating against "a qualified individual on the basis of disability[.]"  42 U.S.C. § 12112(a).  To establish a *prima facie* case of discrimination on the basis of disability, a plaintiff must show that they are disabled and qualified and that they "suffered an adverse employment action because of [their] disability."  *Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1087 (9th Cir. 2001) (citation omitted).

Prior to filing a complaint, a plaintiff bringing a claim under the ADA must exhaust their administrative remedies by filing a charge with the EEOC within 180 days of the alleged unlawful employment practice, or 300 days if filing with a state agency.  42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 12117(a).  They must then file their complaint within ninety days of receiving a right-to-sue letter from the

EEOC. 42 U.S.C.A. § 2000e-5(f)(1). The timely filing of an EEOC charge is not jurisdictional; it is more akin to a statute of limitations and "is a requirement subject to equitable doctrines such as waiver and tolling." *Josephs v. Pac. Bell*, 443 F.3d 1050, 1061 (9th Cir. 2006) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398 (1982)). When considering an equitable exception, courts look to "the relative fault of the parties to determine whether the failure to obtain a right-to-sue letter should be excused." *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1105 (9th Cir. 2008) (citation omitted).

Plaintiff alleges that he was diagnosed with attention deficit disorder and other physical ailments; that he was an attorney previously employed by Marketo and that his work received positive recognition from executives; and that after disclosing his diagnosis, he was treated differently from other employees in that he was required to work from the office on a daily basis, moved to a new position with less support, made to work outside of his regular assigned hours, and eventually terminated. He does not plead any causal connection between his disclosure of his diagnosis and the alleged adverse employment actions.

Whether plaintiff's allegations are sufficient to state a *prima facie* disability discrimination case is not important, however, because plaintiff does not dispute that he did not file an EEOC complaint. This forecloses any ADA claim. He argues for a form of equitable tolling and permission to file an untimely complaint with the EEOC because defendant "is required to provide the EEOC poster for it's [*sic*] employees on a yearly basis" but failed to do so for plaintiff, who worked from home and was "prohibited from the office due to covid[,]" and because plaintiff's attention deficit diagnosis made it difficult for him to timely file an EEOC charge. Pl. Opp. to Mot. to Dismiss ("Pl. Opp."), ECF [26], at 3-4.

Equitable tolling may extend the statute of limitations when a plaintiff does not have actual or constructive notice of the filing period or of the existence of a possible claim. *Leong v. Potter*, 347 F.3d 1117, 1123 (9th Cir. 2003). A "mental impairment" may equitably toll a deadline if it is "so severe that either '(a) plaintiff was unable rationally or factually to personally understand the need to timely file, or (b) plaintiff's mental state rendered him unable personally to prepare [a complaint] and effectuate its filing,'" and if the plaintiff showed diligence in pursuing their claims to the extent they were able "under the totality

of the circumstances.  *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1010 (9th Cir. 2011), *as amended* (Aug. 19, 2011) (quoting *Bills v. Clark*, 628 F.3d 1092, 1099-1100 (9th Cir. 2010)).  "Equitable tolling is, however, to be applied only sparingly[.]" *Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 384 (9th Cir. 1997) (citation omitted).  The Supreme Court has "generally been much less forgiving" when a "claimant fail[s] to exercise due diligence in preserving his legal rights." *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990).

Plaintiff does not provide an adequate basis to equitably toll the statute of limitations to file an EEOC charge.  The allegations in the complaint show that plaintiff had actual notice of the existence of a possible claim when his working conditions changed after he disclosed his diagnosis.  Plaintiff does not plead that defendant did not place an EEOC notice in its office or that he was unaware of the EEOC filing requirement.  As an attorney, plaintiff's argument that he did not have notice of the filing period is unavailing.  While plaintiff's attention deficit disorder causes him to have trouble maintaining focus, he does not show that he was unable to prepare an EEOC charge throughout the filing period or that he pursued his claims to the extent he was able.  Plaintiff was negligent in diligently pursuing these claims.  Equitable tolling is not applicable to the ADA claims and they are, accordingly, dismissed.

2.    *Remaining Claims*

Defendant argues that plaintiff has failed to state a claim for his remaining claims, which it asserts are state law tort claims, because they are barred by Oregon's two-year statute of limitations for tort claims.  Def. Mot. 6.  It states that because the claims accrued at the latest by the time of plaintiff's termination shortly after September 2021, and because plaintiff did not serve his complaint on defendant until April 24, 2024, the claims are untimely.  *Id.* at 6-7.

a.    Intentional and Negligent Infliction of Emotional Distress Claims

Under Oregon law, personal injury claims have a two-year statute of limitations.  Or. Rev. Stat. § 12.110(1).  State law, including rules concerning statutes of limitations and requirements for service of process, determines whether state law claims asserted in federal court are timely.  *Liu v. Portland State Univ.*, No. 3:14-CV-00908-BR, 2016 WL 1228580, at *4 (D. Or. Mar. 28, 2016) (citing *Walker v. Armco*

*Steel Corp.*, 446 U.S. 740, 753 (1980)). Under Oregon law, for purposes of determining whether an action is commenced within the statutory period, the action is deemed commenced when the complaint is filed and the summons served on the defendant. Or. Rev. Stat. § 12.020(1). An action is considered to have been commenced on the date the complaint was filed only when the summons is served before sixty days from the date the complaint was filed. *Id.* § 12.020(2).

The allegations set forth in the complaint occurred on or before September 2021, meaning that under the applicable statute of limitations, the personal injury claims should have been filed no later than September 2023. Plaintiff filed his initial complaint on September 29, 2023, in which he alleged intentional and negligent infliction of emotional distress. He did not, however, serve a copy of the summons and complaint on defendant, despite multiple orders from the Court instructing him to do so or risk dismissal of the action. Although plaintiff mailed a waiver of service of process to defendant, defendant was not required to waive service and did not execute it. *See* Fed. R. Civ. P. 4(d). The operative, amended complaint was not filed until April 9, 2024, well outside of the statutory period.

Plaintiff does not dispute this timeline but argues that his tort claims should not be time-barred because defendant injured him after September 2021 when "[d]efendant failed to pay any taxes to the state of Oregon and plaintiff was denied unemployment as an impact." Pl. Opp. 4. This allegation is not included in the amended complaint, and plaintiff does not state when defendant allegedly failed to pay taxes. It is unclear what, if any, cause of action exists relating to a failure to pay employment taxes or how it would relate to plaintiff's intentional and negligent infliction of emotional distress claims. Because the undisputed timeline reflects that plaintiff's intentional and negligent infliction of emotional distress claims are time-barred, they are dismissed.

b.   Discrimination or Hostile Work Environment Claim

The Court construes plaintiff's claim for "Failure to Provide harassment free working environment" as a hostile work environment claim grounded in disability discrimination.

Under federal law, plaintiff is required to file charges with the EEOC or a state agency within 180 or 300 days of the alleged unlawful employment practices. 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C.

8

§ 12117(a).  Plaintiff concedes that he did not do so and, as previously discussed, his claims under the ADA are foreclosed.

Under Oregon law, a complaint alleging an unlawful employment action generally must be filed within one year of the occurrence of the unlawful employment action. Or. Rev. Stat. § 659A.875(1)(a). When alleging employment discrimination on the basis of disability under ORS § 659A.112, however, the action must be commenced no later than five years after the alleged unlawful employment practice.  *Id.* § 659A.875(1)(b).

Under ORS § 659A.112(1), "[i]t is an unlawful employment practice for any employer to refuse to hire, employ or promote, to bar or discharge from employment or to discriminate in compensation or in terms, conditions or privileges of employment on the basis of disability."  An employer violates the law when it "limits, segregates or classifies a job applicant or employee in a way that adversely affects the opportunities or status of the applicant or employee because the applicant or employee has a disability" or when it "does not make reasonable accommodation to the known physical or mental limitations of a qualified individual with a disability who is a job applicant or employee, unless the employer can demonstrate that the accommodation would impose an undue hardship on the operation of the business of the employer[,]" amongst other actions.  *Id.* § 659A.112(2).

The standard for establishing a *prima facie* disability discrimination case is the same under state law and federal law.  *Snead*, 237 F.3d at 1087 (citations omitted).  A plaintiff must show that: (1) they are "a qualified individual with a disability"; (2) they "suffered an adverse employment action"; and (3) "there was a causal connection between the adverse employment action and [the] disability." *Huitt v. Optum Health Servs.*, 216 F. Supp. 3d 1179, 1187 (D. Or. 2016) (citations omitted).  To establish a claim for disability discrimination for failure to accommodate, a plaintiff "must show that: (1) [they are] a person with a disability; (2) [their] employer was on notice of [the] disability; (3) [they] could perform the essential functions of [the] job either with or without reasonable accommodations; and (4) the employer refused to provide reasonable accommodations." *Mathisen v. Or. Health & Sci. Univ.*, No. 3:22-cv-1250-SI, 2023 WL 6147099, at *6 (D. Or. 2023) (citing *Noll v. IBM*, 787 F.3d 89, 94 (2d Cir. 2015)).

Assuming that plaintiff intended to file a state law discrimination claim and that the discriminatory conduct continued through his termination in September 2021, this claim is not barred by the five-year statute of limitations. Plaintiff must, however, adequately plead this claim by alleging facts that satisfy the elements of a disability discrimination claim. Here, plaintiff has alleged that he disclosed his attention deficit disorder to defendant and that defendant engaged in adverse employment actions. Plaintiff has not, however, pleaded that there was a causal connection between his disability and the adverse employment action. Nor has plaintiff pleaded that he could perform the essential functions of his job with or without reasonable accommodations and defendant failed to provide accommodations. Accordingly, this claim is dismissed without prejudice, but plaintiff is granted leave to amend the complaint to adequately allege this claim.

c.   Fraudulent Misrepresentation Claims

Plaintiff's final claims are for "Deceptive or Misleading Practices as to employees" and "Fraud in representing to Plaintiff he had an unlimited vacation time plan but interfering with the ability to use it." The Court construes these as fraudulent misrepresentation claims.

Under Oregon law, to state a claim for fraudulent misrepresentation, a plaintiff must show that nine elements are met:

> "(1) a representation; (2) its falsity; (3) its materiality; (4) the defendant's knowledge of its falsity or ignorance of its truth; (5) the defendant's intent that the representation should be acted on by the plaintiff and in the manner reasonably contemplated; (6) the plaintiff's ignorance of its falsity; (7) the plaintiff's reliance on its truth; (8) the plaintiff's right to rely on the representation; (9) and the plaintiff's resulting injury."

*Travis v. Knappenberger*, 204 F.R.D. 652, 659 (D. Or. 2001) (quoting *Smallwood v. Fisk*, 146 Or. App. 695, 699, 934 P.2d 557 (1997)). The pleading standards for allegations of fraud are heightened. When "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "To satisfy Rule 9(b), a pleading must identify 'the who, what, when, where, and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent] statement, and why it is false.'" *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (alteration in original) (quoting *Ebeid v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010)).

Here, plaintiff alleges that defendant represented that he would have unlimited paid time off and work-life balance, and that he was denied the option to use his paid time off and required to work excessively long hours. Plaintiff does not, however, allege that defendant was aware that the representations were false or that defendant intended plaintiff to act on the representations, which are critical to this claim.

Regardless, this claim is also time-barred. Under Oregon law, the statute of limitations for a fraudulent misrepresentation claim begins to run "when a plaintiff either discovers the fraud or has knowledge of facts sufficient to call for an inquiry." *Pac. Botanicals, LLC v. Sego's Herb Farm, LLC*, No. 1:15-cv-00407-CL, 2016 WL 11187249, at *14 (D. Or. Dec. 8, 2016) (internal quotation marks omitted) (quoting *Allen v. Lawrence*, 137 Or. App. 181, 190, 903 P.2d 919 (1995)), *report and recommendation adopted*, No. 1:15-cv-00407-CL, 2017 WL 1536432 (D. Or. Apr. 26, 2017). Plaintiff alleges that he learned of the excessive workload and inability to take time off early in his employment. These allegations are well beyond the two-year statute of limitations, and the fraudulent misrepresentation claims are accordingly dismissed.

## B.    FRCP 8 Pleading Standards

In the alternative, defendant argues that plaintiff's complaint should be dismissed because it fails to meet FRCP 8's pleading standards. Def. Mot. 7-9.

Plaintiff argues that as a self-represented litigant, he should not be expected to "be some sort of pleading drafting expert," and the Court should liberally construe his pleadings and permit him to amend his complaint to correct any deficiencies. Pl. Opp. 6-7.

As a practicing attorney, plaintiff is in fact expected to be an expert at drafting pleadings. However, the Court will not dismiss the amended complaint under FRCP 8. While the complaint is lengthy, disorganized, and lacks numbered paragraphs, it identifies the factual bases for plaintiff's claims. Plaintiff is reminded that, should he file a second amended complaint, he must comply with FRCP 8 and all other pleading standards and should endeavor to make the complaint a short and concise statement of his claims.

**C.      Amendment**

Plaintiff argues that he should be permitted to amend the complaint to allege a breach of contract claim.  Pl. Opp 5.  Plaintiff argues that defendant "made offers that included certain express benefits and such benefits were not available to Plaintiff along with certain implied obligations that were also not met."  *Id.*  He specifically identifies breach of promises of "unlimited vacation and paying for travel expenses in breach of the employment contract between Defendant and Plaintiff," as well as breach of the "express obligation . . . to pay the state of Oregon taxes which ended up inhibiting Plaintiff from getting unemployment in Oregon and paying taxes to the state of Colorado when Plaintiff no longer lived or worked in Colorado."  *Id.* at 6.  Plaintiff also states that he was enrolled in a tax assistance program "which was unable to help Plaintiff."  *Id.*

Plaintiff has not identified any cause of action for him to pursue a claim against defendant for an alleged failure to pay taxes and will not be permitted to amend on that basis.  As to the employment promises, a plaintiff can state a claim for a breach of contract by alleging "(1) the existence of a contract; (2) its relevant terms; (3) the plaintiff's full performance and lack of breach; and (4) the defendant's breach resulting in damage to the plaintiff."  *Seib v. Metro. Life Ins. Co.*, No. 3:19-cv-00892-AC, 2020 WL 2531119, at *5 (D. Or. Mar. 30, 2020), *report and recommendation adopted*, 2020 WL 2529615 (D. Or. May 15, 2020).  An action related to contract must be commenced within six years of the date of the breach of contract.  Or. Rev. Stat. § 12.080; *Keith Mfg., Co. v. Butterfield*, No. 3:15-cv-2008-SI, 2016 WL 4134555, at *8 (D. Or. Aug. 2, 2016).  Although plaintiff does not state when he became employed by Adobe, when he first discovered that he would be required to work excessive hours and not given paid time off, or when he accrued travel expenses, these events may have occurred during the statutory period.  Accordingly, plaintiff is permitted to amend the complaint to add a claim for breach of contract.  Plaintiff must ensure that he can allege all of the required elements of the claim and should specify, if known, the date(s) of breach.

**CONCLUSION**

For the foregoing reasons, defendant's Motion to Dismiss, ECF [19], is GRANTED in part

and DENIED in part.  The amended complaint is dismissed.  Plaintiff is granted leave to amend the complaint to state a claim for disability discrimination under state law and to add a claim for breach of contract.  Plaintiff is reminded that, as the only claims that would remain are state law claims, he must adequately plead diversity jurisdiction.  The amended complaint must be filed within thirty days of this order.  If the second amended complaint is not filed by that deadline, the case will be dismissed.


IT IS SO ORDERED.


     DATED this 10th day of January, 2025.

Adrienne Nelson
United States District Judge