IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| BRENT JASON,<br><br>              Plaintiff,<br><br>    v.<br><br>ADOBE, INC. and DOES 1-10,<br><br>              Defendants. | Case No.: 3:23-cv-01432-AN<br><br>OPINION AND ORDER |

Self-represented plaintiff Brent Jason filed a second amended complaint alleging harmful and fraudulent workplace practices, breach of express and implied contract terms, intentional infliction of emotional distress, and negligent infliction of emotional distress by defendants Adobe, Inc. and Does 1-10. Adobe previously moved to dismiss plaintiff's first amended complaint, which the Court granted in substantial part. Adobe has now moved again to dismiss the action. After reviewing the parties' filings, the Court finds this matter appropriate for decision without oral argument. *See* Local R. 7-1(d). For the reasons that follow, the motion to dismiss is GRANTED and plaintiff's claims are DISMISSED with prejudice.

## LEGAL STANDARDS

**A.     28 U.S.C. § 1332**

Federal courts are courts of limited jurisdiction and must have subject matter jurisdiction to preside over claims. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In the absence of a federal question, a federal court's jurisdiction must be based on diversity jurisdiction under 28 U.S.C. § 1332(a), "where the matter in controversy exceeds the sum or value of $75,000" and the action is between "citizens of different States." The amount in controversy is generally determined from the face of the pleadings as long as damages are alleged in good faith. *Geographic Expeditions, Inc. v. Est. of Lhotka*, 599

F.3d 1102, 1106 (9th Cir. 2010).  However, dismissal for lack of jurisdiction may be appropriate if there is "'legal certainty that the claim is really for less than the jurisdictional amount.'"  *Id.* (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938)).  The party seeking to invoke diversity jurisdiction bears the burden of pleading and proving that diversity jurisdiction exists.  *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613-14 (9th Cir. 2016).

**B.      Federal Rule of Civil Procedure 12(b)(6)**

A defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Such a motion should be granted when the allegations do not "'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*

When evaluating the sufficiency of a complaint, courts "accept as true all well-pleaded allegations of material fact, and construe them in the light most favorable to the non-moving party."  *Daniels-Hall v. National Education Association*, 629 F.3d 992, 998 (9th Cir. 2010); *see Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012).  "[A]llegations in a complaint . . . may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  Although the court must draw all reasonable inferences from the factual allegations in favor of the plaintiff, *Newcal Indus., Inc. v. Ikon Off. Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008), the court need not credit legal conclusions that are couched as factual allegations, *Iqbal*, 556 U.S. at 678.

**BACKGROUND**

**A.    Factual Background**

Plaintiff, who was licensed to practice law in California, alleges that he was mistreated while working for Adobe as an in-house attorney.  2d Am. Compl. ("SAC"), ECF 33, at 2.  Rather than repeating the facts here, the Court refers readers to its order on Adobe's first motion to dismiss, which includes the full factual background.  *See Jason v. Adobe, Inc*., No. 3:23-cv-01432-AN, 2025 WL 72083, at *2-3 (D. Or. Jan. 10, 2025).[1]  Except as discussed below, there are no material additions to plaintiff's allegations.

**B.    Procedural Background**

Plaintiff filed a complaint on September 29, 2023, and, having never served the initial complaint on defendant, filed an amended complaint on April 9, 2024.  *See* 1st Am. Compl., ECF 17.  Plaintiff identified six causes of action in his first amended complaint: "Violation of ADA; Deceptive or Misleading Practices as to employees; Failure to Provide harassment free working environment; Fraud in representing to Plaintiff he had an unlimited vacation time plan but interfering with the ability to use it; Intentional Infliction of Emotional Distress; and Negligent Infliction of Emotional Distress."  *Id.* at 7.  On May 15, 2024, defendant filed a motion to dismiss, which the Court granted in substantial part.  *See Jason*, 2025 WL 72083, at *8.  The Court dismissed all six of plaintiff's claims as time-barred.  *Id.* at *4-7.  However, the Court granted leave to amend the complaint within thirty days "to state a claim for disability discrimination under state law and to add a claim for breach of contract"; all other claims were dismissed without leave to amend.  *Id.* at *8.

Following a motion for extension of time, plaintiff was given until March 3, 2025, to file a second amended complaint.  On March 5, 2025, plaintiff filed his second amended complaint.  In it, plaintiff asserts eleven causes of action:

  1-Violation of ADA Breach Implied Conditions of Contract . . .
  2-Deceptive or Misleading Practices of Defendant . . .
  3-Defendant Failed to Provide a Harassment Free Work Environment . . .

---

[1] This opinion and order, which was issued on January 10, 2025, is available on the docket at ECF 28.

4-Defendant Failed to Honor Contract Conditions by Failing to Provide a Harassment Free Work Environment . . .
5-Defendant Failed to Honor Contract Conditions by Failing to Provide an Environment Where Plaintiff Was in a Position to Utilize Benefits Promised Under the Contract . . .
6-Defendant Breached Contract by Failing to Pay Taxes withheld and withholding Taxes that Should not have been withheld . . .
7-Defendant Breached Contract [by] Failing to Appropriate[ly] Manage Plaintiff's 401k Benefits. . .
8-Breach of Contract for Failure to Pay for and Reimburse Travel Related Expenses of Plaintiff . . .
9-Intentional Infliction of Emotional Distress . . .
10-Negligent Infliction of Emotional Distress . . . [and]
11-Retaliation, Harassment, and Abuse of Plaintiff

SAC 9-12.  On March 24, 2025, Adobe moved to dismiss the second amended complaint.  *See* Adobe Mot. to Dismiss ("Adobe MTD"), ECF 34.  Plaintiff timely responded in opposition, *see* Pl. Resp., ECF 40, and Adobe filed a timely reply in support of its motion, *see* Adobe Reply, ECF 41.

## DISCUSSION

Adobe advances five independent bases for dismissing plaintiff's complaint in its entirety: (1) failure to plead diversity jurisdiction; (2) failure to state a cognizable claim for relief; (3) terminating sanctions for abusive conduct; (4) untimely filing of the second amended complaint; and (5) non-compliance with federal pleading standards.  Because the Court concludes that the first two bases are sufficient to dismiss the complaint with prejudice, it does not reach Adobe's other arguments.

## A.    Subject Matter Jurisdiction

When the Court dismissed plaintiff's ADA claim, plaintiff was reminded that "as the only claims that . . . remain are state law claims, he must adequately plead diversity jurisdiction" in his second amended complaint.[2]  *Jason*, 2025 WL 72083, at *8.  Adequately pleading diversity jurisdiction requires the complaint to contain allegations that (1) the parties are citizens of different states, and (2) the amount in controversy exceeds $75,000.  *Geographic Expeditions, Inc.*, 599 F.3d at 1106 (citing 28 U.S.C. § 1332(a)).  The "Jurisdiction" section of plaintiff's second amended complaint states, in its entirety: "The court has

---

[2] Although Claim 1 in the second amended complaint references the ADA, plaintiff is clear that Claim 1 is intended to assert a state law breach of contract claim, not a federal ADA claim.  *See* Pl. Resp. 1-2.

jurisdiction over the action as provided by case law and other federal statutes, and as Plaintiff resides within the District of Oregon and Defendant(s) actions and natural nature business occurs in all fifty (50) states." SAC 1:23-26. This, even with the allegations throughout plaintiff's complaint, is insufficient to establish diversity jurisdiction.

Although Adobe concedes that "plaintiff has arguably pled sufficient facts to establish that there is diversity of citizenship" among the parties, Adobe MTD 9, Adobe does not cite and the Court cannot identify any allegations relating to either plaintiff or Adobe's citizenship. Plaintiff twice states that he "resides" in Oregon. *See* SAC 1:16-17, 1:25. However, residence and citizenship are not the same and "[a] person residing in a given state . . . is not necessarily a citizen of that state."[3] *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Similarly, plaintiff's assertion that Adobe "is a multinational company found[ed] in California and operating in all 50 states" does not establish where Adobe is incorporated, nor where it has its principal place of business. SAC 1:18-19. Although Adobe's citizenship could be inferred from its concession, that does not relive plaintiff of his obligation to allege diversity of citizenship. *See Rainero v. Archon Corp.*, 844 F.3d 832, 840 (9th Cir. 2016) ("'[T]he essential elements of diversity jurisdiction . . . must be affirmatively alleged in the pleadings.'" (omission in original) (quoting *Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987))); *Bledsoe v. Facebook*, No. 2:18-cv-2756-JAM-EFB, 2019 WL 4747645, at *1 (E.D. Cal. Sept. 30, 2019) (dismissing complaint against Facebook for failure to allege Facebook's citizenship in the complaint, notwithstanding the fact that Facebook's citizenship is otherwise ascertainable).

---

[3] There may be circumstances in which a court could infer from allegations about residence a party's citizenship for the purposes of jurisdiction. *Cf. Bledsoe*, 2019 WL 4747645, at *1 (impliedly accepting an allegation relating to residence as sufficient where plaintiff was a non-lawyer representing himself, there were no contradictory allegations). Here, plaintiff was a licensed attorney and, unlike self-represented litigants without legal training, can be expected to adhere to statutory pleading requirements. *See Huffman v. Lindgren*, 81 F.4th 1016, 1021 (9th Cir. 2023). Further, plaintiff has represented that he was a member of the California Bar, *see* Pl. Resp. 2, which is not conclusive but runs counter to the inference that plaintiff's current residence in Oregon also means he's a citizen for the purposes of diversity jurisdiction.

Second, plaintiff also fails to allege an amount in controversy greater than $75,000. The only tangible damages identified in the second amended complaint is approximately $2,000 plaintiff contends that he is owed for a travel reimbursement. SAC 8:18-20. In plaintiff's prayer for relief, plaintiff also requests "[d]amages for pain, suffering, and severe emotional distress and the additional causes of action above in the amount of one million dollars" and "[p]unitive Damages for purposeful and blatant misconduct in the amount of five million dollars" and "[f]ees and any other costs associated with this litigation that Plaintiff incurred including reimbursement for Plaintiff's time." *Id.* 12:9-23. Although the Court must generally take the allegations in the complaint at face value, the Court need not accept unsupported allegations "when a rule of law or limitation of damages would make it virtually impossible for a plaintiff to meet the amount-in-controversy requirement." *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 364 (9th Cir. 1986); *Cf. Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.*, 484 U.S. 49, 65 (1987) ("Our acknowledgment that Congress intended a good-faith allegation to suffice for jurisdictional purposes, however, does not give litigants license to flood the courts with suits premised on baseless allegations."). In particular, when a party claims that punitive damages will "make[] up the bulk of the amount in controversy, the court will 'scrutinize that claim closely' to be certain jurisdiction exists." *Jackson v. Frank*, No. C12-03975 HRL, 2012 WL 6096905, at *2 (N.D. Cal. Dec. 7, 2012) (quoting *Anthony v. Security Pac. Fin'l Services, Inc.*, 75 F.3d 311, 315 (7th Cir.1996).

Here, plaintiff alleges no factual basis for his asks for emotional distress damages, punitive damages, or fee shifting, nor does he identify what claims would support such remedies. Under Oregon law, "damages for mental pain and suffering as well as punitive damages . . . are unavailable for breaches of contract." *Blackthorne v. Posner*, 883 F. Supp. 1443, 1459 (D. Or. 1995) (citing *Farris v. U.S. Fidelity and Guaranty Co.*, 284 Or. 453, 456, 466-67, 587 P.2d 1015 (1978)). This rule of law makes it "virtually impossible" for plaintiff establish an amount in controversy greater than $75,000. *See Pachinger*, 802 F.2d at 364.

Plaintiff has failed to carry his burden of establishing that this Court has jurisdiction. *See NewGen*, 840 F.3d at 613-14 ("The party seeking to invoke the district court's diversity jurisdiction always bears the

burden of both pleading and proving diversity jurisdiction."). Because there is some possibility that plaintiff could properly plead diversity jurisdiction with a fourth complaint, the Court reaches Adobe's arguments under Rule 12(b)(6) to explain why it nonetheless declines to grant leave to amend.

**B.     Failure to State a Claim**

As described above, plaintiff's second amended complaint identifies eleven causes of action. SAC 9-12. These claims fail for three reasons: Four of these claims (Claims 2, 9, 10, and 11) are time barred. Plaintiff's breach of contract claims (Claim 1 and Claims 4-8) fail to allege the necessary facts to state a claim under Oregon common law. Plaintiff's disability claim (Claim 3) also fails to state a claim for which relief may be granted. Therefore, all of plaintiff's claims are dismissed.

1.     *Time-Barred Claims*

The Court previously considered and dismissed three of these claims as time barred: Claim 2 for Deceptive or Misleading Practices, *see Jason, 2025 WL 72083, at *6-7*; Claim 9 for Intentional Infliction of Emotional Distress, *see id.* at *5; and Claim 10 for Negligent Infliction of Emotional Distress, *see id.* Because plaintiff cannot allege any facts consistent with the first amended complaint that would overcome the time bar, the Court did not grant plaintiff leave to amend. Plaintiff does not ask the Court to reconsider that decision. Therefore, Claim 2, Claim 9, and Claim 10 in the second amended complaint continue to be dismissed with prejudice.

Because plaintiff was granted leave to amend the complaint to state a claim for disability discrimination, and because plaintiff identifies no other source of law for Claim 11 ("Retaliation, Harassment, and Abuse of Plaintiff"), the Court construes Claim 11 as one under Oregon Revised Statutes ("ORS") 659A.109, which prohibits retaliation against individuals for applying for benefits, using procedures, or giving testimony pursuant to ORS 659A.103-145 (relating to disability discrimination).[4]

---

[4] Although ORS 659A.109 does not use the word "retaliation," it is generally regarded as one of Oregon's anti-retaliation statutes because, much like federal anti-retaliation statutes, it prohibits "discrimination" based on certain protected activities. *See Heiple v. Henderson*, 229 Or. App. 693, 699, 215 P.3d 891, 894 (2009) ("[P]laintiff's claims appear to be based on a theory of retaliatory discharge under ORS 659A.109.");

Although a claim for disability discrimination under ORS 659A.112 has a five-year statute of limitations, a claim for retaliation has a one-year limitation.  *See* ORS.659A.885(2)(a) (providing a private right of action for violations of, among other statutes, ORS 659A.103-145); ORS 659A.875(1)(a) (requiring civil claims under ORS 659A.885, except for disability discrimination and four other claims not including retaliation, to be commenced within one year).  Under Oregon law, for purposes of determining whether an action is commenced within the statutory period, the action is deemed commenced when the complaint is filed and the summons served on the defendant.  ORS 12.020(1).  Although plaintiff does not specifically state the date of any alleged acts of retaliation, plaintiff was terminated from his employment with Adobe around September 2021, SAC 8:6-13, meaning that employment discrimination claims should have been filed no later than September 2022.  Plaintiff filed his initial complaint on September 29, 2023, at least a year after the statutory time limit had run.  Therefore, plaintiff's disability retaliation claim is also time barred and must be dismissed.

> 2.    *Contract Claims*

The Court granted plaintiff leave to amend to add a claim for breach of contract.  *Jason*, 2025 WL 72083, at *8.  The Court reads Claim 1 and Claims 4-8 as alleging breaches of contract.  *See also* Pl. Resp. 2.  Adobe argues that these breach of contract claims should be dismissed because plaintiff fails to identify the terms of any alleged contract, fails to allege that he performed his obligations under such a contract, and fails to allege when and how defendant breach any alleged contract term.  Adobe MTD 13.  Adobe is correct.

To "state a claim for breach of contract under Oregon law, a 'plaintiff must allege [1] the existence of a contract, [2] its relevant terms, [3] plaintiff's full performance and lack of breach and [4] defendant's breach resulting in damage to plaintiff.'"  *Arnett v. Bank of Am., N.A.*, 874 F. Supp. 2d 1021, 1029 (D. Or. 2012) (quoting *Slover v. Oregon State Bd. of Clinical Soc. Workers*, 144 Or. App. 565, 570, 927 P.2d 1098

---

*Reaves v. Nexstar Broad., Inc.*, 327 F. Supp. 3d 1352, 1364 (D. Or. 2018) (describing a claim under ORS 659A.109 as "analogous" to an ADA retaliation claim).

(1996)).  Here, plaintiff alleges the existence of "a contract of employment," SAC 6:8, and makes general references to the implied conditions and obligations of his employment contract, *see, e.g.*, *id.* 8:24, 9:5, 9:21-22, 10:10, 11:17, 11:27.  However, freestanding assertions of implied obligations are insufficient.  *See Shan Twins, Inc. v. Wells Fargo Bank, N.A.*, No. 6:24-cv-00834-AA, 2024 WL 4136320, at *4 (D. Or. Sept. 10, 2024) ("Plaintiffs cannot allege a breach of contract without identifying a contractual provision which would support such a claim."); *Shur Med. Corp. v. U.S. Surgical Corp.*, No. CIV. 87-942-FR, 1988 WL 121271, at *5 (D. Or. Nov. 7, 1988) (holding that generally listing types of terms, rather than the content of the terms themselves, is insufficient to state a claim for breach of contract).  Plaintiff fails to allege a single express term of his employment contract from which the Court could reasonably infer these implied terms.  Plaintiff also fails to allege that he fully performed his obligations under the alleged contract. Therefore, plaintiff's claims for breach of contract are dismissed.

    3.       *State Law Disability Discrimination Claim*

The Court also granted plaintiff leave to amend to state a claim for disability discrimination under Oregon law.  *Jason, 2025 WL 72083, at *8.*  The Court reads Claim 3 ("Defendant Failed to Provide a Harassment Free Work Environment") as asserting a claim under ORS 659A.112, which makes it unlawful for "any employer to refuse to hire, employ or promote, to bar or discharge from employment or to discriminate in compensation or in terms, conditions or privileges of employment on the basis of disability." ORS 659A.112(1).[5]

As the Court reminded plaintiff in its prior order, the required elements for a disability discrimination case are the same under state law and federal law, and to state a claim a plaintiff must allege "(1) they are 'a qualified individual with a disability'; (2) they 'suffered an adverse employment action'; and (3) 'there was a causal connection between the adverse employment action and [the] disability.'" *Jason*, 2025 WL 72083, at *6 (quoting *Huitt v. Optum Health Servs.*, 216 F. Supp. 3d 1179, 1187 (D. Or. 2016)).

---

[5] This claim cannot be construed as one under federal law, because plaintiff's ADA claims were dismissed as time-barred without leave to amend.  *Jason*, 2025 WL 72083, at *4.

Claim 3 alleges that "Defendant failed to meet its own policies and comply with law about maintaining a harassment free workplace and failed to comply [sic]." SAC 10:4-6. In support of his disability discrimination claim, plaintiff also points to allegations that the Adobe sales team would "bombard" him with emails, that he was distressed by long work hours, which went unaddressed by management, and that plaintiff was treated differently than some other employees. *See* Pl. Resp. 13 (citing SAC 3:1, 3:14, 4:4-15, and 5:5-12).

Plaintiff's allegations are insufficient to state a claim for disability discrimination. Plaintiff has alleged that he disclosed his attention deficit disorder to defendant and that defendant engaged in adverse employment actions. *See* SAC 4:24-27; 8:6-13. However, because plaintiff does not allege that his attention deficit disorder interfered with any major life activity, he fails to establish that he is a qualified individual with a disability under the law. *See Weaving v. City of Hillsboro*, 763 F.3d 1106, 1112 (9th Cir. 2014) (concluding that an attention deficit hyperactivity disorder ("ADHD") diagnosis is not sufficient to establish a qualifying disability unless it interferes with a major life activity). Further, plaintiff does not allege a causal connection between his attention deficit disorder and the adverse employment action. Although he asserts that he was treated differently than other employees, he does not allege that those employees were similarly situated, nor that they lacked a disability. *See Ingram v. Pac. Gas & Elec. Co.*, 690 F. App'x 527, 529 (9th Cir. 2017) ("'In order to show that the employees allegedly receiving more favorable treatment are similarly situated . . ., the individuals seeking relief must demonstrate, at the least, that they are similarly situated to those employees in all material respects.'" (omission in original) (quoting *Moran v. Selig*, 447 F.3d 748, 755 (9th Cir. 2006))). Plaintiff has also not alleged that he could perform the essential functions of his job with or without reasonable accommodations. *See Wessels v. Moore Excavation, Inc.*, No. 03:14-cv-01329-HZ, 2014 WL 6750350, at *4 (D. Or. Dec. 1, 2014) ("[A]n allegation that the plaintiff was a qualified individual with a disability within the meaning of the ADA was insufficient because the plaintiff failed to assert that the employee was qualified to perform the essential functions of the job with or without reasonable accommodation." (citing *EEOC v. Supervalu, Inc.*, 674 F.Supp.2d 1007, 1011 (N.D. Ill. 2009))). These shortcomings are fatal to plaintiff's claim of disability discrimination.

10

**C.      Dismissal with Prejudice**

Although leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), a court should not allow futile amendments, *Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983); *see also Cal. Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988) ("Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."). This is plaintiff's third complaint and plaintiff has made no meaningful progress toward stating a cognizable claim. Given plaintiff's "repeated failure," even with specific guidance, "to cure deficiencies by amendments previously allowed," *Foman v. Davis*, 371 U.S. 178, 182 (1962), the Court finds that further amendment would be futile.[6]

**CONCLUSION**

For the reasons stated herein, defendant's motion to dismiss, ECF 34, is GRANTED. Plaintiff's claims are DISMISSED with prejudice and without leave to amend. Judgment will follow.

IT IS SO ORDERED.

DATED this 31st day of March, 2026.

Adrienne Nelson
United States District Judge

---

[6] Further, as discussed above, plaintiff did not follow the Court's instructions with respect to the content of an amended complaint, and has repeatedly failed to follow the Court's procedural orders. *See* ECF 10 (Second Order to Show Cause for plaintiff's repeated failures to serve the complaint); ECF 15 (noting plaintiff's failure to file a supplemental brief as directed); ECF 33 (SAC filed after the Court-ordered deadline). Plaintiff has also engaged in unabated uncivil conduct toward defense counsel. *See, e.g.*, Decl. of Paul Buchanan, ECF ¶¶ 21-24 (describing plaintiff's belligerent conduct, including addressing correspondence to defense counsel as "Nazi Bootlicker," threatening references to the killing of United Healthcare's CEO, and profanity laden communications); Pl. Resp. 8-9 (admitting the assertions in the Buchanan Declaration and offering justifications); *id.* at 13 (improperly referencing defense counsel's mental health). Plaintiff's repeated failures to follow the instructions of the Court and his belligerent conduct toward defense counsel also suggest bad faith by plaintiff, further weighing against leave to amend. *See Bonin v. Calderon*, 59 F.3d 815, 846 (9th Cir. 1995) (affirming denial of leave to amend based on plaintiff's bad faith conduct).